UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| James Ingerson,<br>　　　Petitioner, | :<br>:<br>: |
| 　v. | :　　File No. 2:08-CV-121 |
| | : |
| Robert Hofmann,<br>　　　Respondent. | :<br>: |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 10)

Petitioner James Ingerson, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His original petition submitted five grounds for relief, and the Court subsequently allowed him to add two additional grounds in an amended petition. There is no dispute that three of Ingerson's seven arguments have not been presented to the Vermont Supreme Court.

The respondent now moves to dismiss Ingerson's petition because it contains a mix of exhausted and unexhausted claims. However, returning Ingerson to state court would potentially give rise to a timeliness problem should he seek to re-file under § 2254. Accordingly, and for additional reasons set forth below, I recommend that the motion to dismiss (Paper 10) be DENIED without prejudice, and that the Court establish a briefing schedule for the parties going forward.

## Factual Background

In March 2002, Ingerson broke into a restaurant in Brattleboro, Vermont. Once inside, he tried to break into the restaurant's safe but ended up only badly damaging the handle. He left the restaurant after taking some loose change from a desk drawer.

On October 28, 2002, after a jury trial, he was convicted of burglary and unlawful mischief and was ultimately sentenced as an habitual offender to 20 to 30 years in prison. He appealed his conviction to the Vermont Supreme Court, setting forth three arguments: (1) that the trial court failed to arraign him on the habitual offender charge; (2) that there was insufficient evidence of his intent to commit larceny; and (3) that his sentence was unjust and unfair. The Vermont Supreme Court affirmed the conviction and sentence.

On July 8, 2004, Ingerson filed a motion to reconsider his sentence. The motion was denied. On November 24, 2004, he filed a *pro se* motion to correct his sentence pursuant to Vt. R. Crim. P. 35. That motion was also denied. Ingerson did not appeal the denials of these motions.

On December 6, 2004, Ingerson filed a motion for post-conviction review in Vermont Superior Court. Although the

motion raised a series of claims, those claims were narrowed to a "claim that his trial attorney was ineffective for failing to provide him an opportunity to read his pre-sentence report and seek a continuance to respond to the report." In re Ingerson, 2008 WL 2811220, at *1 (Vt. March Term 2008). The petition was denied, and on appeal the Vermont Supreme Court affirmed.

Ingerson filed his § 2254 petition on May 30, 2008. The petition offers five grounds for relief, including the ineffective assistance of counsel claim raised in the state court PCR petition. The § 2254 petition also submits the three grounds for relief that were argued before the Vermont Supreme Court on direct appeal. Ingerson's fifth argument, that his lengthy sentence arose out of his conflicts with prosecutors and the Windham Probation and Parole office, does not appear to have been raised in Vermont's highest court. Indeed, Ingerson concedes in a footnote that the fifth argument is raised pursuant to 28 U.S.C. § 2254(b)(1)(B)(I), which excuses non-exhaustion where "there is an absence of available State corrective process." (Paper 1-2 at 20 n.9).

On June 30, 2008, Ingerson moved to amend his petition to add two additional grounds for relief. The Court granted his

3

motion. Consequently, the petition now includes a claim that Ingerson's four convictions for driving under the influence, all of which occurred in early 1998, should not have been characterized as separate offenses for purposes of Vermont's habitual offender statute. In a companion claim, Ingerson contends that trial counsel was ineffective for failing to raise this argument at sentencing. It is undisputed that neither argument was presented to the Vermont Supreme Court.

## Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a habeas corpus petitioner is required to exhaust all remedies available in the state court system. Picard v. Connor, 404 U.S. 270, 275 (1971); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000). The AEDPA exhaustion requirement is met if: (1) petitioner "has exhausted the remedies available in the courts of the state;" (2) petitioner demonstrates that "there is an absence of available State corrective process" for adjudicating the claim(s); or (3) though a state court process is available, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); see also Fama, 235 F.3d at 808. In order to exhaust state

court remedies, the petitioner must "fairly present" both the factual and legal premises of his claims to the highest state court. See Picard, 404 U.S. at 275; Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Where a district court is faced with a "mixed" petition that contains both exhausted and unexhausted claims it may: (1) stay the proceeding pending complete exhaustion of state remedies; (2) dismiss the petition, without prejudice, until the claims have been exhausted in state court, unless such review would be precluded pursuant to the AEDPA's one-year statute of limitations; (3) afford the petitioner an opportunity to withdraw the unexhausted claim(s); or (4) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). See, e.g., Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003); Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir. 2002). In this case, the respondent argues that the petition should be dismissed as mixed because, although some claims have been exhausted, the two arguments set forth as amendments to the petition were never raised before the Vermont Supreme Court.[1] The respondent does not address the fifth, and

---

[1] The respondent also cites case law on the issue of procedural default, but does not explain how that principle would apply. The respondent notes that, under Vermont law,

5

unexhausted, ground for relief set forth in Ingerson's initial petition. Because the respondent is asking for dismissal purely on the basis of the petition being mixed, the Court assumes that he is asking for dismissal without prejudice.

If the Court were to dismiss the petition without prejudice, however, Ingerson's right to bring a subsequent federal habeas petition would be jeopardized by § 2254's one-year statute of limitations. By Ingerson's own count, 213 days of that one-year period elapsed prior to the filing of his current petition. (Paper 11 at 5). Approximately 150 additional days have passed since the petition was filed. The fact that a federal habeas petition is pending does not toll the limitations period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Consequently, Ingerson's filing period has essentially expired.

The Second Circuit has held that if dismissal "would jeopardize the timeliness of a collateral attack," the district court should stay the petition. Zarvela v. Artuz, 254 F.3d 374, 378 (2d Cir. 2001). The Supreme Court has

---

issues not raised on appeal that were "deliberately bypassed" may not be raised collaterally, but offers no analysis as to how the state courts would apply the deliberate bypass rule if Ingerson were to bring his unexhausted claims in a post-conviction petition.

6

endorsed this approach, while holding that a stay should only be available in "limited circumstances" and that such a measure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). In addition, the district court abuses its discretion if it grants a stay "when [petitioner's] unexhausted claims are plainly meritless."[2] Id.

Neither party in this case has requested a stay. The respondent contends that Ingerson has failed to show cause for a stay, and Ingerson argues that returning him to state court would be futile. Specifically, Ingerson contends that his case falls within the exhaustion exceptions because "there is an absence of available State corrective process" for

---

[2] The Second Circuit has not yet articulated the appropriate standard to be used in determining whether an unexhausted claim should be denied on the merits. District courts that have addressed the question appear to use one of two standards. Some courts review unexhausted claims to determine if they are "patently frivolous." See, e.g., Acosta v. Couture, 2003 WL 272052, at *7 (S.D.N.Y. Jan. 23, 2003); Pacheco v. Artuz, 193 F. Supp. 2d 756, 761 (S.D.N.Y. 2002); Hammock v. Walker, 224 F. Supp. 2d 544, 549 (W.D.N.Y. 2002); Cruz v. Artuz, 2002 WL 1359386, at *8 (E.D.N.Y. June 24, 2002). Others analyze the claim to determine if it is "perfectly clear that the petitioner does not raise even a colorable federal claim." Rosario v. Bennett, 2002 WL 31852827, at * 17 (S.D.N.Y. Dec. 20, 2002); see also Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997).

7

adjudicating his claims, and "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Moreover, as noted above, the Court abuses its discretion if it grants a stay in order to allow exhaustion on claims that are lacking in merit. Rhines, 544 U.S. at 277. Therefore, prior to granting a stay, the Court must consider whether the unexhausted claims have sufficient merit, Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001), or whether they are procedurally barred under state law. McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) (citing Ramirez v. Attorney Gen. of State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001)). If the claims are procedurally barred, the Court must engage in a cause and prejudice analysis, and absent such a showing may dismiss the claims with prejudice. Ramirez, 280 F.3d at 94.

Because of the statute of limitations issue, dismissal without prejudice is not a fair or viable option in this case. If the Court needs to consider a stay, it must also consider the merits of Ingerson's claims. The Court may also need to determine whether the unexhausted claims should be dismissed on the merits. Other outstanding issues may include: (1) the

applicability of the exhaustion exceptions under § 2254(b)(1)(B), (2) the petitioner's entitlement to a stay under the Rhines standard, and/or (3) the possibility that the petitioner's unexhausted claims are procedurally defaulted in state court.

Given this list of outstanding issues, and the fact that dismissal without prejudice would run counter to the law of this Circuit, I recommend that the respondent's motion to dismiss (Paper 10) be DENIED. I further recommend that the Court institute a briefing schedule for addressing the substantive merits of Ingerson's claims, as well as any other issue the parties deem appropriate for briefing.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 10) be DENIED. I further recommend that the Court institute a briefing schedule, allowing the respondent 30 days to argue for dismissal, and Ingerson 30 days in which to reply. To the extent that Ingerson raises new arguments in his reply, the respondent should be allowed to file an additional memorandum, addressing only those new arguments, within 10 days of the date the reply is served.

Dated at Burlington, in the District of Vermont, this <u>12</u>th day of November, 2008.

<pre>
                              /s/ Jerome J. Niedermeier
                              Jerome J. Niedermeier
                              United States Magistrate Judge
</pre>

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).